UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Roberto Ruiz, and<br>Andres Monterroza<br><br>    Plaintiffs,<br><br>v.<br><br>Sea Cap, Inc. and,<br>Jason Spitz, *individually*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 1:20-cv-11920<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

The Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and Mass. General Laws c. 149, §§ 148, 148B and 150 ("Wage Act"). The Plaintiffs, former employees of the Defendants were required to punch out at a designated time, but required to stay and continue working for zero pay for compensable "Off-the-clock" time.

**JURISDICTION AND VENUE**

1. This action arises under the laws of the United States, the FLSA, 29 U.S.C. §§ 201 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331.

2. Venue is appropriate in the District of Massachusetts as all of the events and omissions giving rise to this claim occurred herein.

**PARTIES**

3. Plaintiff Roberto Ruiz ("Ruiz"), a resident of Lynn Massachusetts was employed by the Defendants in Massachusetts from January of 2018 through February of 2020.

4. Plaintiff Andres Monterroza ("Monterroza") is a resident of East Boston Massachusetts, and was employed by the Defendants in Massachusetts for nearly

20 years ending in May of 2020.

5. Sea Cap, Inc., ("Sea-Cap", or the "Company") is a Delaware corporation with a principal place of business at 7950 Tar Bay Dr. Jessup Maryland.  At all times relevant to this complaint, Sea-Cap has engaged in "interstate commerce" under the FLSA because its business has combined annual gross sales of at least $500,000.00 for the previous three years, and employs individuals engaged in interstate commerce.

6. Defendant Jason Spitz is the Vice President and Director of Sea-Cap.  He resides in Jessup Maryland.  The Defendant Jason Spitz, based on information and belief, is the individual in charge of policies and procedures related to the payment of wages at the Company.

## **FACTS**

7. Ruiz was employed by the Company from January of 2018 through February of 2020 at the Company's location at 8 Seafood Way, Boston Massachusetts.

8. Monterroza was employed by the Company for the nearly 20 year period preceding May of 2020 at the Company's location at 8 Seafood Way, Boston Massachusetts.

9. Beginning in or around May of 2019, the Company agreed to furnish Ruiz with wages on an hourly basis.

10. Beginning in or around May of 2019, the Company agreed to furnish Ruiz with wages at a rate of $18.00 per hour.

11. Beginning in or around May of 2019, the Company agreed to furnish Monterroza with wages on an hourly basis.

12. Beginning in or around May of 2019, the Company agreed to furnish Monterroza with wages at a rate of $24.00 per hour.

13. Both Plaintiffs were required to work through their lunch break period, *and* work unpaid at the end of each shift for at least 30-45 additional minutes each day (the "Off-the-Clock Work").

14. The Plaintiffs were never compensated for the Off-the-Clock Work.

15. Both Plaintiffs were directed by their supervisor, Dennis Johnson, to remain on the Company premises for at least 30-45 additional minutes at the end of each workday.

16. Both Plaintiffs were informed they were prohibited from leaving at the end of their shift, until the administrative staff could review certain paperwork associated with the Plaintiffs' work.

17. Both Plaintiffs were directed by their supervisor, Dennis Johnson, under the threat of termination, to indicate on each timesheet that they were afforded a lunch break.

18. The Off-the-Clock work performed by the Plaintiffs was for the benefit of their employer.

19. The Off-the-Clock work performed by the Plaintiffs was commensurate with the principal activities associated with their jobs.

20. The Off-the-Clock work performed by the Plaintiffs was solely for the benefit of their employer and necessary for the performance of their job duties.

21. Ruiz was terminated by the Company, in retaliation for complaining about the Company's pay practices.

22. Monterroza was terminated by the Company, in retaliation for complaining about the Company's pay practices.

23. To date, the Company owes each Plaintiff earned wages.

24. The Plaintiffs filed a wage and hour complaint with the Fair Labor Division of the Massachusetts Attorney General's Office to commence a private action against the Defendants for violations of Massachusetts Wage and Hour Laws, and have received authorization to pursue a private right of action.

## CAUSES OF ACTION

### COUNT I – Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

25. The previous paragraphs are re-alleged and incorporated by reference.

26. The FLSA provides that employers such as the Defendants must compensate employees such as the Plaintiffs for all compensable working time.

27. Plaintiffs performed Off-the-Clock Work for which the Defendants willfully failed to pay them, in violation of the FLSA.

28. Both Defendants are "employers" of the Plaintiffs under the FLSA because they directly controlled company policy related to the payment of wages.

### COUNT II – Mass Wage Act, Mass. General Laws. c. 149, §§ 148, 150

29. The previous paragraphs are re-alleged and incorporated by reference.

30. Mass. General Laws c. 149, § 148, 150, requires employers to pay employees for time worked no later than six days following the end of a pay period in which wages are earned, and employees who are discharged from employment must be paid in full on the day of discharge.

31. The Defendants violated Mass. General Laws c. 149, § 148 by failing to timely pay the Plaintiffs earned wages.

32. Both Defendants are "employers" of the Plaintiff under the FLSA because they directly controlled company policy related to the payment of wages.

### COUNT III - Retaliation in Violation of M.G.L. c. 149 §148A

33. The previous paragraphs are re-alleged and incorporated by reference.

34. Both Plaintiffs raised complaints about the Company's pay practices.

35. Both Plaintiffs made complaints to their direct supervisor about the Company's pay practices.

36. In response to their complaints, the Company terminated each Plaintiff, in retaliation.

### REQUESTS FOR RELIEF

WHEREFORE, the Plaintiffs request that the Court:

1. Award the value of wages and other benefits;
2. Award liquidated damages and attorney's fees under the FLSA;
3. Award triple damages and attorney fees under Mass. Gen. Law. c. 149, § 150;
4. Award any Other Relief as the Law and Justice requires.

### PLAINTIFFS DEMAND A TRIAL BY JURY

Plaintiffs,,
By their attorney,
/s/ Michael J. Bace, Esq.
Michael J. Bace, Esq. (BBO

4

        BACE LAW GROUP, LLC
        PO Box 9316
        Boston, MA 02114
        508-922-8328
        mjb@bacelaw.com

5